## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS  DIVISION

| | | |
|---|---|---|
| **BOBBY GONZALES** | ) | |
| | ) | |
| **v.** | ) | **3-05-CV-1777-N** |
| | ) | |
| **DOUGLAS DRETKE, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Robertson Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Abilene, Texas, serving a conviction for the offense of murder.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Upon his plea of not guilty to the offense of murder as charged in the indictment returned in No. F-0156584-MS, Gonzales was tried by a jury which returned a verdict of guilty.  The jury found that he had been convicted of two prior felony offenses and assessed punishment at a term of life imprisonment.

Petitioner effected a direct appeal.  After court-appointed appellate counsel filed a motion

to withdraw, alleging that no meritorious grounds for reversal were presented, Gonzales was permitted to file a <u>pro se</u> brief.  On August 6, 2003, the Fifth Court of Appeals at Dallas affirmed his conviction.  His <u>pro se</u> petition for discretionary review was refused by the Texas Court of Criminal Appeals on January 28, 2004.  Thereafter his application for habeas corpus relief pursuant to art. 11.07, Texas Code of Criminal Procedure, was denied by the Texas Court of Criminal Appeals on June 22, 2005, on the findings of the trial court without a hearing and Gonzales filed his § 2254 petition in the present action.

**<u>Findings and Conclusions</u>**:  Disposition of his claims is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which in pertinent part precludes the granting of federal habeas corpus relief unless the State court adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, <u>or</u> (2) resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254 (d)(1) and (2).

In his first ground for relief Petitioner claims that the evidence was insufficient to support his conviction for murder.  A sufficiency of the evidence claim is governed by the standard set out in the Supreme Court's decision in <u>Jackson v. Virginia</u>, 443 U.S. 307, 99 S.Ct. 2781 (1979).  In determining such a claim "<u>all of the evidence</u> is to be considered in the light most favorable to the prosecution.  <u>Id.</u> at 319, 99 S.Ct. 2789 (Emphasis in the original).  A petitioner is entitled to habeas corpus relief only "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.  <u>Id.</u> at 324, 99 S.Ct. 2791-92.

The evidence presented at trial is summarized in the direct appeal opinion of the Fifth Court

2

of Appeals.  <u>See</u> 05-02-00478-CR, opinion delivered on August 6, 2003, at pages 2-5.  Gonzales's <u>Jackson</u> claim is patently frivolous.

In his second and third grounds for relief Gonzales complains of the trial court's failure to instruct the jury on the defenses of sudden passion, self-defense and apparent danger.  In his fourteenth, fifteenth and sixteenth grounds he alleges that his trial counsel was ineffective in failing to request such instructions.  The United Supreme Court has not addressed circumstances in which the United States Constitution requires instructions on lesser included offenses to be given in a State criminal proceeding, including whether a State court is required <u>sua sponte</u> to give such instructions. Therefore, relief on his second and third grounds is foreclosed.  Moreover, the pre-AEDPA law in this circuit holds that in a non-capital offense case "the failure to give an instruction on a lesser included offense does not raise a federal constitutional issue."  <u>Creel v. Johnson</u>, 162 F.3d 385, 390 (5th Cir. 1998).

In his fourth ground Petitioner alleges a <u>Brady</u>[1] violation.  The indisputable facts foreclose relief since the "suppressed evidence" was offered and admitted in the course of the criminal trial. <u>See</u> Reporter's Record, Vol. 6 at State's Exhibits 7 and 8.  Moreover, the attire which Gonzales was wearing on the night of the murder - whether his shorts did or did not have pockets - does not satisfy the materiality requirement of <u>Brady</u> and subsequent Supreme Court decisions.  <u>See e.g.</u> <u>United States v. Bagley</u>, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383 (1985) - "[E]vidence is material only if there is a reasonable probability that had the evidence been disclosed to the defense, the result of the proceeding would have been different."  <u>See also</u> <u>United States v. Agurs</u>, 427 U.S. 97, 109-10, 96 S.Ct. 2392, 2400 (1976).

---

[1]<u>Brady v. Maryland</u>, 373 U.S. 83, 83 S.Ct. 1194 (1963).

Ground five contends that the prosecution failed to correct perjured testimony of Officer Wojcik.  Specifically he claims that the officer's testimony was false insofar as he testified that a Domino score sheet listed three individuals whereas the score sheet itself (State's Exhibit 25) contains four names.  In order to establish a basis for relief a petitioner must prove that the prosecution knowingly presented false testimony.  Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173 (1959).  Mere inconsistencies or errors in a witness's testimony do not, standing alone, establish the existence of perjury.  Koch v. Puckett, 907 F.2d 524, 531 (5th Cir. 1990).  As noted by Respondent the score sheet itself was in evidence.  It was available to the jury to allow it to decide whether this discrepancy in the officer's statements affected the credibility of his testimony.[2]

Petitioner's sixth ground alleges that inadmissible hearsay was presented, i.e. statements made by Monica Salazar (Oswello) to Officer Chris Dobson.  After counsel objected to this testimony and following the prosecutor's response, the trial court overruled the objection. Reporter's Record, Vol. 4 at 15-16.  The Fifth Court of Appeals found no error because the statement was not offered for the truth of the out-of-court statement.  See No. 05-02-00428-CR, opinion at page 8.  Moreover, evidentiary rulings by a state court are subject to federal habeas corpus review only if they are of such magnitude as to constitute "a crucial, critical, or highly significant factor" in the context of the entire trial.  Jernigan v. Collins, 980 F.2d 292, 298 (5th Cir.

---

[2]Petitioner's suggestion that there was never a person identified as Joe who was present on the night of shooting is contrary to his own trial testimony.  See Reporter's Record, Vol. 4 at 112-114.

4

1992).  No such showing has been made.[3]

Ground seven alleges that the prosecution improperly impeached him on cross-examination by eliciting testimony and presenting a photograph which showed Gonzales in possession of a firearm while on state parole.  This claim was presented in his direct appeal and found to be without merit.  See No. 05-02-00428-CR, opinion at 9-10.  No error is presented. Moreover it fails to present a cognizable federal claim.  Jernigan v. Collins, supra.

In the remaining grounds (i.e. Grounds Eight through Sixteen) Gonzales presents a plethora of acts and omissions on the part of his trial attorney which he claims demonstrate that he was denied effective assistance of counsel.  The test for determining whether a defendant was deprived of the assistance of counsel guaranteed under the Sixth Amendment is set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984).

In order to establish a basis for relief a petitioner must overcome the strong presumption that an attorney's representation was competent by proving that the attorney's conduct fell below the minimum standards imposed by the Sixth Amendment (cause) and that as a result of such deficient representation the defense was prejudiced such that there is a reasonable probability that the result would have been different (prejudice).  Failure to prove either prong of the test precludes relief.  Moreover, the Constitution does not require errorless counsel, nor can an attorney's performance be judged with the benefit of hindsight based upon the unsuccessful results at trial.

In addressing Petitioner's ineffective assistance claims, the trial court obtained an affidavit

---

[3]Gonzales suggests that the statements attributed to Monica indicated that she saw the shooting.  Such was never presented or argued by the State.  Further, the testimony of Daniel Salazar made clear that Monica was in the bathroom with her son when the shooting took place and that he was the only person who saw Petitioner shoot the decedent.  Reporter's Record, Vole. 3 at 147-48.

from his trial attorney.  <u>See</u> Application No. 59,274-01 at 06-07 The court found that his statements were true and correct and that Gonzales was not denied the effective assistance of counsel.  <u>Id.</u> at 03.  The Court of Criminal Appeals denied the application based on the trial court's findings.[4]

A review of the record shows that Gonzales's defensive theory was that he did not shoot the decedent.  The State's evidence was primarily circumstantial, except for the testimony of Daniel Salazar who provided direct testimony that he saw Petitioner fire the fatal shots.  However, there was no forensic evidence which connected Gonzales with the shooting.  Gonzales took the stand in his own behalf to present his defense.  The prosecution impeached him with his prior felony convictions as it was permitted by law to do.  Essentially, the issue of guilt or innocence depended on which person the jury found to be credible - Salazar or Petitioner.  Defense counsel focused his closing argument on attempting to point out implausible aspects of Salazar's testimony.

In light of the applicability of the AEDPA the Supreme Court's decision in <u>Yarborough v. Gentry</u>, 540 U.S. 1, 124 S.Ct. 1 (2003), has particular relevance to disposition of Petitioner's numerous ineffective assistance of counsel claims.  As the Supreme Court made clear, a federal court may not make a <u>de novo</u> review of such claims, but can only grant relief in the event that the state court's rejection was both erroneous and objectively unreasonable.

It is self-evident that had Gonzales's trial attorney successfully sought lesser includible instructions, as a matter of strategy it would have required him to attack the credibility of Salazar's testimony on the one hand, while on the other hand arguing against the credibility of Petitioner's testimony, in urging the jury to find him guilty of a lesser included offense.  Such an alternative

---

[4]Many of the specific claims leveled against Petitioner's trial attorney were raised in his <u>pro se</u> direct appeal brief and were found to be without merit.  <u>See</u> No. 05-02-00478-CR, opinion at 10-12.

would have been a much more dubious strategy than the defensive theory which was pursued. Moreover, at least a few of the facts alleged in the petition were squarely refuted by the attorney's affidavit which were found credible and to which a presumption of correctness applies. 28 U.S.C. § 2254(e)(1). Counsel was faced with very difficult facts and a client with a bad criminal record and a history of association with gang activities. It is these factors, rather than the attorney's representation, which resulted in his conviction and the imposition of a life sentence. Since Gonzales has failed to demonstrate that the Texas Court of Criminal Appeals rejection of his ineffective assistance of counsel claims was not only unreasonable, but objectively unreasonable, he is not entitled to federal habeas corpus relief on these grounds.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 5th day of June, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.